Argued April 5,. affirmed April 17, 1968

# PACIFIC HORIZON DISTRIBUTING, INC.,
*Appellant, v.* WILSON ET UX, *Respondents.*

439 P. 2d 874

*Wally P. Martin,* Grants Pass, argued the cause and filed a brief for appellant.

No appearance for respondents.

Before McALLISTER, Presiding Justice, and O'CON-NELL and HOLMAN, Justices.

O'CONNELL, J.

This is an action on a promissory note. Defendants seek reformation of the note on the ground that it did not reflect an antecedent agreement of the parties. By stipulation of the parties both the action on the note and the equitable defense were tried by the court without a jury. Plaintiff appeals from the decree granting reformation of the note and the judgment on the note as reformed.

Plaintiff sold commercial laundry and dry cleaning equipment to defendants through one of its salesmen. Defendants signed two preliminary "sales agreements," one of which was for the purchase of laundry equipment and the other for dry cleaning equipment. The agreement to purchase the laundry equipment recited: "Bal. of contract over a 3 year period on a monthly installment basis @ 7% per annum," and the agreement to purchase the dry cleaning equipment recited, "Bal. of contract over a four year period on monthly installments @ 7% per annum."

After checking defendants' credit plaintiff accepted the sale and sent Rex Malone, one of its representatives to install the equipment. Malone brought with him for defendants' signature a conditional sales contract and a promissory note. The contract called for the payment of a total amount of $31,907.91, of which $2,548.55 was to be paid down and the balance of

$29,359.36 was to be paid over a period of 48 months in 47 monthly payments of $611.65 and one monthly payment of $611.81. The promissory note was for $29,359.36 to be paid as recited above.

Neither the conditional sales contract nor the note contained any reference to interest except a provision requiring the payment of "interest from maturity at the highest lawful rate (not over $1\frac{1}{2}\%$ per month) * * *."

Defendants paid $17,126.20 on the note. They did not pay the installment falling due on July 1, 1964 or any of the subsequent installments. The balance was then $12,233.16. At the time defendants refused to pay any further installments, they tendered to plaintiff's assignee (who had purchased the contract with right of recourse) the sum of $7,997.50 as full payment of the balance due on the note and contract. This balance was computed on the basis that defendants were obligated only to pay 7% on the decreasing balance.

Plaintiff relies upon the express terms of the note and contract which require payment of fixed monthly amounts totalling $29,359.36 without any reference to interest on a decreasing balance.

Defendants respond to this argument by contending that they were induced to sign the note and contract upon plaintiff's representation that it embodied the terms of the sales agreements and that the terms of the sales agreements, calling for payment of the "balance" of the contract "on monthly installments @ 7% per annum" is to be interpreted as an agreement to pay on a decreasing balance. Plaintiff parries this thrust with evidence that installment sales of equipment are made on the basis of "discount" interest, i.e., by computing interest on the purchase price, add-

ing the interest to the purchase price, and requiring the payment of the total amount in installments. Defendants answer that they were not acquainted with this business usage in the sale of equipment. They testified, in effect, that although they had previously engaged in farming and other enterprises in which they entered into contracts with others, none of these transactions involved the employment of "discount" interest.

The evidence relating to the circumstances attending the execution of the note and contract by defendants is as follows. Malone spent several days assisting defendants in installing the equipment. On the afternoon of the last day Malone presented the conditional sales contract and note to defendants for signature. According to defendants' testimony, Malone asked them to sign the contract and note promptly because he wanted to leave for Seattle that day. Defendants asked Malone if the terms of payment were the same as those contained in the "sales agreements" and Malone assured them that the terms were the same. Thus, it is their contention that they assumed that the amount of each of the monthly installments combined principal and interest; that each succeeding installment represented an increasing principal payment and a decreasing interest payment, and that the total of the 48 installments so computed would equal the total purchase price.

Plaintiff argues that defendants are bound by the clearly expressed language of the note and contract. It is contended that even if the language of the sales agreements relating to the payment of interest on the balance of the purchase price is read into the note and conditional sales contract, defendants are bound to pay interest computed on a so-called "discount" basis

because defendants are bound by the business usage of computing interest on a discount basis. As we have already indicated, defendants denied knowledge of this usage.

A party is not bound by usage unless he either knows or has reason to know of its existence.[1] The burden of establishing defendants' knowledge or their reason to know of the usage is on the person who asserts the usage.[2] Plaintiff did not meet that burden in the present case.

It is argued that aside from defendants' ignorance of the usage there was sufficient evidence to show that they knew the nature of the bargain into which they had entered. Plaintiff points to the fact that defendants made inquiry of the assignee of the note to determine the amount of interest for the purpose of making out their income tax return and that the response "shows clearly that defendants were advised in February, 1963 as to how interest had been calculated."

In our opinion the response (which we have set out in the margin) did not "clearly" reveal the method of computing the interest.[3] It is, of course, apparent that there is a rather wide disparity ($6,422.36) be-

---

[1] Restatement of Contracts, § 247 (1932).

[2] *Ibid.*

[3] "We should first point out that your contract is actually not an interest bearing contract. Information sent to us by the seller, Dutch Maid Sales, Inc., indicates that a time price differential of $6,422.36 was included in the original contract balance of $29,359.36. This $29,359.36 was scheduled to be paid by 48 consecutive monthly installments of $611.65 commencing March 1, 1962. Your contract balance at December 31, 1962, was $23,242.86. You paid ten installments during the year 1962.

"We will have to leave it up to you, your accountant or your tax consultant to determine the appropriate amount to be used in calculating your income tax."

tween the cash price of the equipment and the price which included the interest charge. Undoubtedly there are persons who would immediately understand that the difference between the cash price and installment price constituted more than simple interest. But we cannot say that this would be apparent to everyone and, accepting defendants' version of the transaction, it is possible that their vigilance was dulled by the assurance made by plaintiff's agent and by the haste which attended the signing of the note and contract.

■ The trial court resolved the evidence in favor of defendants. Our appraisal of the evidence leads us to the same conclusion.

The decree and judgment of the trial court is affirmed.